UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62374-GAYLES

STEPHANIE ROBERSON,
          Plaintiff,

v.

CHARLOTTE GRECO, LABOR FINDERS,
and LFI FORT PIERCE, INC.,
          Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Stephanie Roberson, appearing *pro se*, filed a Complaint in this action on October 4, 2016 [ECF No. 1]. Because the Plaintiff has moved to proceed *in forma pauperis* [ECF No. 4], the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Upon initial screening, the Court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted.

      To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Attorney Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The complaint need not include detailed factual allegations, but it must set forth 'more than labels and conclusions [or] a formulaic recita-

tion of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (per curiam) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (per curiam) (citations and internal quotation marks omitted).

The Plaintiff's Complaint here appears to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, arising from an injury she allegedly sustained at her place of employment in Hattiesburg, Mississippi, in September 1999. *See* Compl. at 4-6. Her claims fail for several reasons.

First, "[b]efore a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies. The first step down this path is filing a timely charge of discrimination with the [Equal Opportunity Employment Commission]." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). A plaintiff must file such a charge of discrimination with the EEOC within 180 days of the unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). She also "must file [her] complaint within 90 days of receiving an EEOC notice of [her] right to sue." 42 U.S.C. § 2000e-5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th

Cir. 2002). Roberson has not provided any information establishing that she ever exhausted her administrative remedies against any Defendant, as required, by filing a charge of discrimination against the Defendants with the EEOC (or the Florida Commission on Human Relations). Further, she fails to allege that she received a right-to-sue notice from the EEOC. Thus, to the extent she brings any claim under Title VII, such a claim must fail.

Second, "[t]he FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982). To that end, the FLSA "imposes a minimum wage for covered employees and requires employers to pay overtime of at least one and one-half times the regular rate to employees working more than 40 hours a week." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1268 (11th Cir. 2014). Roberson has provided no explanation regarding how her allegations that one or more of the Defendants "did not provide adequate medical coverage," Compl. at 6, falls under the strictures of the FLSA. Therefore, the Court finds that she has failed to state a claim under this statute.

Third, the statutory provision governing venue provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Roberson, who provides only her own address (in Fort Lauderdale, Florida) and the business address of Defendant Charlotte Greco (in Fort Myers, Florida, which is located in the Middle District of Florida), has not explained

why venue is proper in the Southern District of Florida.

And fourth, it appears that Roberson's claims, arising from an injury that occurred over fifteen years ago, would be barred under the applicable statutes of limitations. Although Roberson alleges that one or more of the Defendants' "management" of Roberson's injury "has caused this mater to drag on through a chain of events in the court system from 2000 through 2014," the Court is not required to accept such a conclusory allegation as true.

For these reasons, the Court concludes that Roberson's Complaint fails to state a claim upon which relief can be granted, and, thus, her case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**; and

(2) The Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 4] is **DENIED**.

This action is **CLOSED** and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE